| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>*LAW OFFICES OF JEROME M. DOUGLAS, LLC*<br>*JEROME M. DOUGLAS (ATTORNEY ID 042921995)*<br>*1600 ROUTE 208 NORTH*<br>*P.O. BOX 670*<br>*HAWTHORNE, NEW JERSEY 07507*<br>*973-238-8638 PH*<br>*973-238-8639 FAX*<br>*COUNSEL FOR DEBTOR* | Order Filed on July 27, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>NICHOLAS V. CAMPANELLA, **&**<br>Pilgrim Medical Center, Inc.<br>　　　　　　Debtor. | Case No.: 16-15414<br>Case No.: 16-21185<br><br>Chapter 11<br><br>Judge: Hon. Vincent F. Papalia<br><br>**Hearing Date and Time:**<br>August 08, 2017 at 10:00 a.m. |

**ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY**

The relief set forth on the following pages, numbered two through eight, is hereby

ORDERED

**DATED: July 27, 2017**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**Honorable Vincent F. Papalia**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

Debtor: Nicholas V. Campanella
Case No.: 16-21185 (VFP)
Caption of Order: ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY

This matter coming before the Court on the Motion of the debtor, Nicholas V. Campanella (the "Debtor"), for Entry of Orders (a) authorizing the sale of real property located at 101 Beacon Boulevard, Sea Girt, New Jersey (the "Property") free and clear of interests, claims, liens and encumbrances **SUBJECT TO HIGHER OR BETTER OFFERS** (the "Sale"); (b) authorizing compensation to retained professionals for approved fees and costs from sale proceeds; and (c) waiving the fourteen-day stay provided for in Federal Rules of Bankruptcy Procedure 6004(h) (the "Motion"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O), and (iii) notice of the Motion and proposed form of Order was served on those parties required to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The Court has jurisdiction over the Verified Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue of the Motion is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

2

| | |
|---|---|
| Debtor: | Nicholas V. Campanella |
| Case No.: | 16-21185 (VFP) |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY |

B. Approval of the Sale is in the best interest of the Debtor, the Debtor's Creditors, and the Debtor's Bankruptcy Estate.

C. The Debtor has articulated sound business reasons for consummating the Sale and for selling the Property outside of a plan of reorganization, and it is a reasonable exercise of the Debtor's business judgment to consummate the Sale.

D. The Debtor has offered to sell the Property to Dexter A. Morse (the "Purchaser") free and clear of all liens, claims, interests and encumbrances **(SUBJECT TO HIGHER AND BETTER OFFERS)** in accordance with, and to the extent permitted by, Bankruptcy Code section 363(f) and on the return date of the Motion Debtor's counsel asked those present in Court for any higher or better offers and no offers were presented.

E. The purchase price to be paid by Purchaser's pursuant to Purchase Agreement[1] is fair consideration and constitutes reasonably equivalent value for the Property.

F. Purchaser is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the Sale. The Sale was negotiated, proposed and entered into by the parties in good faith, from arms-length bargaining positions and without collusion, and therefore, Purchasers are entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. Neither the Debtor nor Purchaser have engaged in any conduct that

---

1 Capitalized terms here, not otherwise defined, have the same meaning as that ascribed n the Motion.

3

| | |
|---|---|
| Debtor: | Nicholas V. Campanella |
| Case No.: | 16-21185 (VFP) |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY |

would cause or permit the Sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code section 363(n).

G. As evidenced by the certificates of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code sections 363 and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion or the entry of this Order shall be required.

H. Non-debtor parties holding either valid liens, claims, interests or encumbrances with respect to the Debtor's Property who did not object, or who withdrew their objections to the Motion are deemed to have consented to the Sale of the Property free and clear of all liens, claims, interests and encumbrances (Subject to Higher and Better Offers) pursuant to Bankruptcy Code section 363(f)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference.

2. The Sale, and all ancillary documents and transactions contemplated therein, including the transfer of the Property by Debtor to Purchaser, are approved and authorized under the

Debtor:            Nicholas V. Campanella
Case No.:          16-21185 (VFP)
Caption of Order:  ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY

Bankruptcy Code, including sections 105 and 363 thereof.

3. The transfer of the Property by the Debtor to the Purchaser upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

4. The consideration to be provided by the Purchaser in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

5. Pursuant to Bankruptcy Code section 363(b), the Debtor is hereby authorized to sell and transfer the Property pursuant to and in accordance with the terms and conditions of the Purchase Agreement between the Debtor and the Purchaser and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated in connection with the Sale without any further authorization of the Court.

6. Customary closing adjustments payable by the Debtor for municipal charges or assessments may be satisfied from the proceeds of the sale at closing. The Motion included a request to pay the retained realtor from sale proceeds. Therefore, the realtor may be paid at closing.

7. <u>Except for any and all mortgage liens, property taxes, and municipal charges which encumber the property, all of which shall be paid in full from the sale proceeds</u>, upon closing,

5

| | |
|---|---|
| Debtor: | Nicholas V. Campanella |
| Case No.: | 16-21185 (VFP) |
| Caption of Order: | ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY |

title to the Property shall pass to the Purchaser pursuant to, and to the fullest extent permitted by, Bankruptcy Code section 363 and all other applicable laws, free and clear of any and all liens, claims, interest and encumbrances of the Debtor, including, but not limited to: (i) any lien, replacement lien, claim, interest or charge granted to the any party under any Order entered in this case; and (ii) mechanics', materialmen's and other consensual and non-consensual liens and statutory liens, security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in Bankruptcy Code section 101(5)), reclamation claims, malpractice claims, tort claims, any liability or obligations under COBRA, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic government entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, and in such case whether secured or unsecured, choate or inchoate, filed or unfilled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material,

6

Debtor: Nicholas V. Campanella
Case No.: 16-21185 (VFP)
Caption of Order: ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY

disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the proceeds of sale with the same priority, validity, force, and effect as they existed with respect to the Property before the closing, subject to any and all rights, claims, defenses, and objections of the Debtor and any other party-in-interest.

8. The Sale shall not subject the Purchaser to any liability by reason of such transfers and assignments under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability, and all creditors and parties-in-interest are prohibited from asserting such claims against the Purchasers.

9. The Sale constitutes a legal, valid, and effective transfer and shall vest the Purchaser with all rights, title, and interest of the Debtor in and to the Property.

10. All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

11. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to

Debtor: Nicholas V. Campanella
Case No.: 16-21185 (VFP)
Caption of Order: ORDER AUTHORIZING AND APPROVING (A) THE SALE OF REAL PROPERTY LOCATED AT 101 BEACON BOULEVARD, SEA GIRT, NEW JERSEY (THE "PROPERTY") FREE AND CLEAR OF INTERESTS, CLAIMS, LIENS AND ENCUMBRANCES; (B) AUTHORIZING COMPENSATION TO RETAINED PROFESSIONALS FOR APPROVED FEES AND COSTS FROM SALE PROCEEDS; AND (C) WAIVING THE FOURTEEN-DAY STAY

resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property, including but not limited to agreements, free and clear of liens and claims.

12. The provisions of this order shall be self-executing, and neither the Debtor, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Sale.

13. The Sale approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Bankruptcy Code section 363(n).

14. <u>The net proceeds from the sale of the Property shall be held in the Debtor's Attorney's Trust Account pending confirmation of a chapter 11 reorganization plan or further order of the Court</u>.

15. The fourteen (14) day period pursuant to Rule 6004(h) be waived by the Court.

16. A true copy of this Order shall be served on all parties who received notice of the Motion within seven (7) days of the date hereof.

United States Bankruptcy Court
District of New Jersey

In re:  
Nicholas V Campanella  
      Debtor

Case No. 16-21185-VFP  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-2   User: admin   Page 1 of 1   Date Rcvd: Jul 28, 2017  
                     Form ID: pdf903   Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 30, 2017.  
db       Nicholas V Campanella,   384 Sunset Boulevard,   Wyckoff, NJ   07481-2420

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 30, 2017                                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 28, 2017 at the address(es) listed below:

          Connie J Delisser   on behalf of Creditor   BANK OF AMERICA, N.A. cdelisser@mlg-defaultlaw.com, BKECF@mlg-defaultlaw.com  
          David Edelberg   on behalf of Creditor Committee   Official Committee Of Unsecured Creditors dedelberg@cullenanddykman.com  
          David L. Stevens   on behalf of Interested Party   Pilgrim Medical Center, Inc. dstevens@scurameley.com, cbalala@scurameley.com;ecfbkfilings@scurameley.com;dsklar@scurameley.com;ascolavino@scurameley.com  
          Denise E. Carlon   on behalf of Creditor   M&T BANK dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
          Jerome M Douglas   on behalf of Debtor Nicholas V Campanella jdouglasatty@gmail.com, mmalta@debtorcounsel.com  
          Jerome M Douglas   on behalf of Defendant Nicholas V Campanella jdouglasatty@gmail.com, mmalta@debtorcounsel.com  
          John F. Murano   on behalf of Plaintiff Luisa  Rojas john@muranoroth.com,  vicky@muranoroth.com  
          John F. Murano   on behalf of Plaintiff Jacqueline  Jalil john@muranoroth.com, vicky@muranoroth.com  
          John F. Murano   on behalf of Creditor Jacqueline  Jalil john@muranoroth.com, vicky@muranoroth.com  
          John F. Murano   on behalf of Plaintiff Tania  Mena john@muranoroth.com,  vicky@muranoroth.com  
          John F. Murano   on behalf of Creditor Tania  Mena john@muranoroth.com,  vicky@muranoroth.com  
          John F. Murano   on behalf of Creditor Luisa  Rojas john@muranoroth.com,  vicky@muranoroth.com  
          Mark E. Hall   on behalf of Mediator Mark E.  Hall mhall@foxrothschild.com  
          Michael Frederick Dingerdissen   on behalf of Creditor   BANK OF AMERICA, N.A. nj.bkecf@fedphe.com  
          U.S. Trustee.   USTPRegion03.NE.ECF@usdoj.gov  
                                                                                             TOTAL: 15